IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOMANDO RAMON MOSES,<br><br>    Plaintiff,<br><br>    v.<br><br>ENTERPRISE LEASING COMPANY<br>OF GEORGIA, LLC, and<br>ENTERPRISE HOLDINGS, INC.,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>1:15-cv-01885-TWT-CMS |

## NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Motion to Partially Dismiss Plaintiff's Complaint (Doc. 9).

## PROCEDURAL BACKGROUND

Plaintiff Lomando Ramon Moses ("Plaintiff"), an African-American man, worked for Defendants Enterprise Leasing of Georgia, LLC and/or Enterprise Holdings, Inc. as a management trainee from October 2012 until he was terminated on December 3, 2014. (Doc. 10, Am. Compl., ¶¶ 23, 26, 102).

On May 26, 2015, Plaintiff filed his original complaint in this court against the Defendants, alleging claims for discrimination, retaliation, and hostile work environment on the basis of race, in violation of Title VII of the Civil Rights Act of

1964, as amended ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), attorney's fees, and punitive damages. (Doc. 1, Compl.).

On October 2, 2015, Defendants filed an answer (Doc. 7) and the instant motion to partially dismiss Plaintiff's complaint -- specifically, all of Plaintiff's Title VII claims other than his claim for alleged discriminatory and retaliatory termination -- for failure to exhaust his administrative remedies. (Doc. 9).

On October 23, 2015, in response, Plaintiff filed an amended complaint that dropped the counts for attorney's fees and punitive damages. (Doc. 10, Am. Compl.). Plaintiff also filed a Notice of Filing Plaintiff's First Amended Complaint (Doc. 11) in which he asked the Court to deny Defendants' Motion for Partial Dismissal as moot because an amended complaint was filed and is now the operative complaint.

Defendants' Motion to Partially Dismiss Plaintiff's [original] Complaint (Doc. 9) is before this Court for consideration.

## DISCUSSION

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a party may amend its pleading as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). Defendants filed both an answer and a Rule 12(b)(6)

motion for partial dismissal on October 2, 2015.  (Docs. 7, 9).  Accordingly, Plaintiff was entitled as a matter of course to file an amended complaint (Doc. 10, Am. Compl.) on October 23, 2015.

As a general matter, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation marks omitted); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). "That means that specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." Gross v. White, 340 F. App'x 527, 534 (11th Cir. 2009).

Here, Defendants' Motion to Partially Dismiss Plaintiff's [original] Complaint (Doc. 9) has been rendered moot by the filing of Plaintiff's Amended Complaint. See Cordell v. Pacific Indem., No. 4:05-CV-167-RLV, 2006 WL 1935644, at *4 (N.D. Ga. July 11, 2006) (dismissing as moot defendants' motion for partial summary judgment which was filed prior to the filing of plaintiff's second amended complaint). Accordingly, I **RECOMMEND** that Defendants' Motion to Partially Dismiss

AO 72A
(Rev.8/82)

Plaintiff's Complaint (Doc. 9) be **DENIED AS MOOT** because it is directed to the original complaint which no longer is the operative pleading before the Court. See Bradley v. DeKalb County, Ga., No. 1:10-CV-0218-TWT-GGB, 2010 WL 4639240, at *2 (N.D. Ga. May 17, 2010), adopted by 2010 WL 4638887, at *1 (N.D. Ga. Nov. 4, 2010); see also ATK Thiokol, Inc. v. United States, 76 Fed. Cl. 654, 664 (2007) (denying as moot the government's motion to dismiss plaintiff's first amended complaint upon granting motion for leave to file second amended complaint).

## CONCLUSION

For the reasons stated, I **RECOMMEND** that Defendants' Motion to Partially Dismiss Plaintiff's Complaint (Doc. 9) be **DENIED AS MOOT**.

**IT IS SO RECOMMENDED**, this 30th day of October, 2015.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)